*567 OPINION.
Gkeen:
The three items claimed by the petitioner as deductions for the year 1918 were disallowed by the Commissioner as deductions for that year but were allowed as deductions for the succeeding year. The principal controversy is as to the year for which the deductions should be allowed. '
Where machinery is discarded as the result of a change in business conditions, the taxpayer may deduct in such year the difference between the depreciated cost and the salvage value. Appeal of Dilling Cotton Mills, 2 B. T. A. 127; Appeal of Automatic Transportation Co., 3 B. T. A. 505. The abandonment or permanent closing of a mine, strictly speaking, may not be said to be a change of business conditions, but such a change of condition produces the same economic and pecuniary result so far as the taxpayer is concerned, and the taxpayer is as much entitled to the deduction in the one case as in the other.
In this case the petitioner, having abandoned its Avery Mine in 1918, could reasonably anticipate a substantial loss on the sale of the mine’s equipment. That the amount estimated, i. e., $20,000, was reasonable is established by the subsequent sale of the equipment for more than $6,000 less than its estimated salvage value. We therefore hold this deduction proper.
The evidence as to the $100,000 deduction on the Dietz Mine No. 7 is not sufficient to enable us to pass upon the merits of petitioner’s contention. All that we have before us as evidence of cost is the development and equipment account for the year 1918, as set forth in Exhibit No. 2. The resolution passed by the board of directors indicates that at the time of its passage there was no intention to abandon the mine. There was no computation of the salvage value of the equipment for the purpose of ascertaining the probable loss. The heading or title of the account indicates that it includes the cost of development work. We do not know whether this includes the cost of tunnels, shafts, etc. The loss on these may not be taken until the property is sold or abandoned. The Commissioner’s ruling as to this deduction is correct.
The Querter shovel was not abandoned or junked within the taxable year. A substantial sum of money was expended upon it in the succeeding year in an effort to reconstruct it so that it would be usable. Under such conditions the petitioner is entitled only to a *568 deduction sufficient to cover depreciation due to ordinary wear and tear. The Commissioner’s ruling thereon is correct.

Order of redetermination will be entered after IS days' notice, under Buie 60.